IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANDRE SYLVESTER WATTS, #13799-083　　*
　　　　　　　Petitioner,
　　　　　　　　　　　　　　　　　　　　　　　　*
　v.　　　　　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. DKC-06-652
　　　　　　　　　　　　　　　　　　　　　　　　*
KIM WHITE, REGIONAL DIRECTOR
　　　　　　　Respondent.　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　　　　***

**<u>MEMORANDUM</u>**

On March 13, 2006, the court received for filing Andre Sylvester Watts's 28 U.S.C. § 2241 Petition for writ of habeas corpus. Petitioner is apparently serving a District of Columbia combined sentence in a U.S. Bureau of Prisons ("BOP") facility. He complains that his current offense has been incorrectly scored as "greatest severity." He also claims that he has been denied transfer to a medium security BOP facility, while other inmates have been transferred.[1] He appears to claim that Respondent has violated due process by failing to follow rules, regulations, and statutes. Because he appears indigent, Petitioner's in forma pauperis application shall be granted.

Title 28 of the United States Code § 2241(a), *inter alia*, gives the district courts general jurisdiction and the resulting power to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A petition for writ of habeas corpus "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95 (1973). An application for a writ of habeas corpus "shall allege....the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242.

---

[1] Petitioner speculates that if the court conducted an inspection of inmate transfers of District of Columbia offenders, it would find that most prisoners who have been transferred are Caucasian, federal inmates.

Jurisdiction over an action under § 2241 lies in the federal district court where the petitioner is incarcerated or in the federal district court where the petitioner's custodian is located. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. at 494-95; *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986); *Boone v. United States Parole Commission*, 648 F. Supp. 479, 480 (D.Md. 1986). Petitioner currently is confined at the United States Penitentiary-Lee in Jonesville, Virginia. Given these circumstances, this court has no personal jurisdiction to adjudicate his 28 U.S.C. § 2241 Petition.

Because this court has no personal matter jurisdiction over the matter, the Petition shall be dismissed without prejudice.[2] A separate Order follows.

Date:   3/16/06              _____/s/_____
                             DEBORAH K. CHASANOW
                             United States District Judge

---

[2] Moreover, even if this court had personal jurisdiction over the matter, it would find that Petitioner is estopped from litigating his due process claim, because he has already presented this claim in the United States District Court for the Western District of Virginia. *See Watts v. BOP*, Civil Action No. 7:05CV0601 (W.D. Va. 2005). He challenged the identical BOP program statement and indicated that the BOP incorrectly applied its regulations with regard to the classification of his custody level and the designation of his offense as the "greatest severity." After full briefing by the parties, on January 31, 2006, Judge Glen E. Conrad dismissed Petitioner's claim, concluding that he had failed to state a claim upon which relief could be granted. On February 13, 2006, Judge Conrad denied Petitioner's motion for reconsideration.